UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Trustees of Roofers Local No. 33 Pension
Fund, Thrift Fund and Insurance Fund**
                        **Plaintiff**

v.                                                            C.A. No. 04-10511-NG

**Marshall Roofing & Sheet Metal, Co. Inc.**
                        **Defendant**

## ANSWER OF DEFENDANT

1. Admits
2. Admits
3. Admits
4. Neither admits nor denies being without knowledge of same.
5. Neither admits nor denies being without knowledge of same.
6. Neither admits nor denies being without knowledge of same.
7. Admits
8. Admits
9. Denies it failed to make contributions to plaintiff as required by the collective bargaining agreement, admits there was a payroll audit in which Plaintiff found Defendant owed it $13,000 for contributions, but says Plaintiff and Defendant had an agreement whereby Defendant would receive $20,000 from Plaintiff for job

specific safety training of certain of Defendants' employees and that this would be offset by the $13,000 in contributions due from Defendant to Plaintiff, leaving a net balance due from Plaintiff to Defendant of $7,000.

10. Defendant says the provisions referred to are irrelevant since Defendant, as stated in 9 above, owes Plaintiff nothing.

   WHEREFORE, Defendant requests:

   1. That this action be dismissed and Plaintiff be awarded costs and reasonable attorney's fees.
   2. For such other relief as to this court seems meet and just.

## COUNTERCLAIM

1. Plaintiff-in-Counterclaim, Marshall Roofing & Sheet Metal Co., Inc. (Marshall) says it entered into an agreement with Defendant-in-Counterclaim, Trustees of Roofers Local No. 33 Pension Fund, Thrift Fund and Insurance Fund (Local No. 33) whereby Local No. 33 agreed to reimburse Marshall for its cost of job specific safety training and orientation of certain of Marshall's employees for the period from May 28, 2004 through August 31, 2004 on a construction project at the Stop & Shop store, Somerville, MA.
2. Marshall has expended the sum of $20,000 for the safety training and orientation of certain of its employees as described in paragraph 1 to date.
3. Marshall has fulfilled its obligations under the agreement with Local No. 33 and has demanded payment of said $20,000 but Local No. 33 has failed to make payment as agreed as of this date.

WHEREFORE, Marshall demands judgment against Local No. 33 in the amount of $20,000 less the amount Marshall owes Local No. 33 for contributions found due after audit of $13,000, plus interest, costs and reasonable attorneys' fees.

By its attorneys,

FRANK J. SANTANGELO, ESQ.
181 KENNEDY DRIVE, SUITE 404
MALDEN, MA 02148
BBO #441440
(781) 324-5442
Attorney for Defendant/Plaintiff-in-Counterclaim

### CERTIFICATE OF SERVICE

I, Frank J. Santangelo, Esq., herby certify that on this 18th day of August, 2004, I served a copy of this Answer & Counterclaim via first class mail, postage prepaid, mailed to:

Aaron D. Krakow, Esq.
Krakow & Souris
225 Friend Street
Boston, MA 02114

Frank J. Santangelo, Esq.